Dear Mr. Jackson:
This office is in receipt of your request for an opinion of the Attorney General in regard to donations by the Bossier Parish Police Jury of money and/or property to public benefit corporations, some of which are quasi-governmental agencies as defined under Louisiana law. You indicate the agencies include the Bossier Council on Aging, Northwest Louisiana Food Bank, Bossier Arts Council, Coordinating and Development Foundation, Economic Development Foundation, Trailblazers, Inc., and Bossier Office of Community Services. You question if a cooperative endeavor between the Police Jury and any of these agencies would have an effect on the conclusion in response to the inquiry.
As you recognize, Article VII, Section 14(A) of the Louisiana Constitution generally prohibits the loan, pledge or donation of public funds, but this office has recognized that Paragraph (C) of Section 14 authorizes the State and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, this office has further observed that this does not create an exemption or exception from the prohibition inasmuch as the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds.
Accordingly, even if a political subdivision cooperates for a public purpose, they may not give away their assets to another public association for a public purpose unless there is a legal obligation or duty by the transferor to alienate said funds or property. There must be the presence of a valid statute, ordinance, charter or contract by which the obligation is created, and, therefore, the requirement of a legal duty is the threshold issue. As observed by this office in Atty. Gen. Op. 94-629, the Parish of Jefferson Davis could transfer or loan public funds "if the loan was pursuant to a cooperative endeavor agreement whereby the district agreed to perform, on behalf of the Parish, legal or statutory obligation(s) or function(s) that would otherwise have to be performed bythe Parish." (Emphasis added.)
In Atty. Gen. Op. 93-787 this office was asked whether contracts with non-profit entities for the provision of various social services or educational, recreational or cultural programs constituted prohibited donations. This office noted the question raised a number of issues as it was presented broadly as opposed to being limited to a particular contract for particular service with a particular "external agency", which is similar to your issues since they are not limited to a particular contract for particular services with a particular external agency. However, for constitutionally sanctioned cooperative endeavors, it was opined in the latter cited opinion as follows:
 This office has previously opined that a constitutionally sanctioned cooperative endeavor must meet a three part test: (a) the public agency has a legal obligation to expend public funds, (b) the expenditure must be for a public purpose, and (c) the expenditure must create a public benefit proportionate to its cost. Attorney General's Opinion No. 93-164.
Thus, in addition to the expenditures having to be for a public purpose, there must be a legal obligation by the police jury relative to the expenditure, and the expenditure must create a public benefit proportionate to the cost. Therefore, donations to each of the agencies would be valid if there is a proper cooperative endeavor as evaluated under the three part test.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY:___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received: Jan. 10, 2001 Date Released: February 12, 2001
BARBARA B. RUTLEDGE Assistant Attorney General